| |
|---|
| UNITED STATES BANKRUPTCY COURT <br> DISTRICT OF NEW JERSEY <br> **Caption in Compliance with D.N.J. LBR 9004-2(c)** <br><br> ROMANO GARUBO & ARGENTIERI <br> Emmanuel J. Argentieri, Esquire/3162 <br> 52 Newton Avenue, P.O. Box 456 <br> Woodbury, New Jersey 08096 <br> (856) 384-1515 <br> Attorneys for Creditor, <br> KEY BANK, N.A. |
| DANIEL GUZMAN <br><br> JOANNA JEREZ <br> A/K/A JOANNA'S CLOSET <br> A/K/A JOANNA GUZMAN <br>                         Debtors. |

Order Filed on November 15, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 13

Judge:  GAMBARDELLA

Case No. 16-26834

Hearing Date:  September 20, 2017 @ 10:30 a.m.

**ORDER RESOLVING KEY BANK, N.A.'s MOTION
FOR RELIEF FROM THE AUTOMATIC STAY
SUBMITTED UNDER THE 7-DAY RULE**

   The relief set forth on the following pages numbered two (2) through three (3) are hereby **ORDERED**.

**DATED: November 15, 2017**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

**(Page 2)**
Debtor:   Daniel Guzman and Joanna Jerez
Case No:  16-26834/RG
Caption of Order: **ORDER RESOLVING KEY BANK, N.A.'s MOTION FOR RELIEF FROM THE AUTOMATIC STAY SUBMITTED UNDER THE 7-DAY RULE**

Upon consideration of ("Movant") Key Bank, N.A.'s motion for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain personal property as hereinafter set forth; and the Debtors having filed opposition thereto; and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Consent Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. Debtors' post-petition arrearages through September 26, 2017 total $2,678.26. Debtors shall cure the arrearages as per below.

2. On or before the close of business for September 30, 2017, Debtors shall tender the sum of $618.06 directly to Movant.

3. If Debtors do not tender the payment as per paragraph 2 above, Movant may file a certification of default and apply for relief from the automatic stay.

4. Debtors shall remit their October 26, 2017 post-petition payment timely.

5. Commencing with the November 26, 2017 post-petition payment and continuing each month thereafter through and including April 26, 2018, Debtors shall remit regular monthly payments, plus 1/6 of the balance of the above arrearage ($343.37).

6. Commencing with the May 26, 2018 post-petition installment payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

**(Page 3)**
Debtor:   Daniel Guzman and Joanna Jerez
Case No:  16-26834/RG
Caption of Order: **ORDER RESOLVING KEY BANK, N.A.'s MOTION FOR RELIEF FROM THE AUTOMATIC STAY SUBMITTED UNDER THE 7-DAY RULE**

---

7. Debtors shall reimburse Movant through their Chapter 13 Plan of Reorganization as an administrative claim the sum of $531.00 for attorney's fees and costs incurred by Movant in the prosecution of its motion for relief from stay.

8. **Thirty-Day Default Clause:** If the Debtors should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant, its successors and/or assigns, for more than (30) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to creditor's enforcement of its State Law collection action against the lease for personal property; to wit:  2011 NISSAN VERSA, VIN #3N1BC1AP4BL454732.  The order submitted to the Court will not require the consent of the debtors or the debtors' counsel regarding form or substance, however, the trustee, debtors and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

9. Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the court.